[No. 3,973.]

IN THE MATTER OF THE ESTATE OF JEREMIAH H. MULLINS, DECEASED.

COSTS ON PROCEEDINGS TO REMOVE EXECUTOR.—If an executor is removed on complaint of an heir, for mismanagement, it is not an abuse of the discretion of the Court, with respect to costs, to direct the costs to be paid out of the funds of the estate.

COSTS ON CONTESTING FINAL ACCOUNT OF EXECUTOR.—If the final account of an executor is attacked for fraud and embezzlement, and he is acquitted of these charges, but a sum is deducted from his account as improperly paid, it is not an error for the Probate Court to direct the jury fee to be paid out of the funds of the estate.

APPEAL from the Probate Court of the City and County of San Francisco.

In August, 1870, M. C. Bateman was appointed executor of the last will and testament of J. H. Mullins, deceased, there being several legatees named in the will. In December of the same year Patrick Mullins, one of the legatees, filed a petition for the removal of the executor, on the grounds stated in the opinion. In obedience to an order of the Court, the executor appeared to show cause why his letters testamentary should not be revoked, and a trial ensued, at which a large amount of testimony was given, notes of which were taken by the short-hand reporter, and subsequently transcribed for the use of counsel and the Court. During the progress of the investigation, the Court ordered the short-hand reporter's bills for transcribing the testimony, amounting to $768, to be paid by the executor out of funds in his possession belonging to the estate. They were so paid, and the amounts were included by the executor in his final accounting.

The executor was removed on the ground of mismanagement, and Peter Craig was appointed administrator, with the will annexed, of the estate. Upon the settlement of the final account of the removed executor, the questions of embezzlement and fraud were again raised by the contestants, and the executor demanded that the issues be tried by a jury. Accordingly a jury was summoned, and, special issues having been submitted, a verdict was returned acquitting the executor of all the charges of fraud and embezzlement, and deducting $707.50 from his accounts, as sums improperly allowed. Upon the rendition of the verdict, the Court made an order that the executor pay the jury fees, amounting to $138, out of the funds of the estate. He paid them, as directed, and the amounts were allowed him in his

final accounting, on the ground that they were paid by the orders of the Court. The administrator and certain of the legatees appealed from so much of the judgment, in the settlement of the final account, as allowed the charges for reporter's and jurors' fees.

*A. C. Searle* and *H. F. Crane*, for Appellants.

*McAllisters & Bergin* and *J. J. McElhinny*, for Respondent.

By the Court, NILES, J.:

By the provisions of section 1,720 of the Code of Civil Procedure, the Probate Court "may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." We see no abuse of the discretion here conferred, in the allowance of the respondent's claim for the amount paid to the shorthand reporter. In the proceedings in which these costs accrued the executor was charged not only with mismanagement of the estate, but with embezzlement and fraud of the gravest character. No one of these charges was sustained except that of mismanagement of the estate, and upon this ground only he was removed from office, and his letters were revoked. No implication of bad faith on the part of the executor arises from the mere fact of mismanagement of the estate. This might occur solely from his incapacity to perform the duties of the office, and is not at all inconsistent with his fidelity to his trust. In such case, the costs incurred in the proceedings for his removal might very well be considered by the Court as being a proper charge upon the trust fund. It is evident that the Judge before whom the trial was had so considered it, and his successor, if not absolutely bound by the orders made, was very properly influenced by them.

2. There was no error in the allowance of the amount paid by the executor for jury fees in the contest concerning the final account. Even conceding that the Court was not

concluded by its own order, made upon the coming in of the verdict, that the former executor pay the fees out of the funds in his hands belonging to the estate, the allowance was proper in itself. The attack was made upon various items of the account, amounting in the aggregate to more than seven thousand dollars. By the verdict this amount was reduced in the sum of about seven hundred dollars. The verdict was substantially favorable to the executor, and entirely so upon all issues involving any question of bad faith upon his part. It would have been unjust to disallow the item under these circumstances.

Decree affirmed.